# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1: 15-CR-79; 1:18-CV-902** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| **vs.** | ) | |
| | ) | <u>**OPINION AND ORDER**</u> |
| **JORDAN LOUIS DONGARRA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Dongarra's Motion to Vacate Under 28 U.S.C. § 2255 ("Motion").

Doc #: 66. For the following reasons, the Motion is summarily dismissed.

## I.     Background

On July 28, 2015, Jordon Louis Dongarra, pursuant to a written plea agreement, pleaded

guilty to two counts of Bank Robbery, in violation of 18 U.S.C. § 2113(a), and one count of

Using or Carrying a Firearm During and in Relation to a Crime of Violence, in violation of 18

U.S.C. § 924(c)(1)(A)(i). Doc #: 47. On November 6, 2015, Dongarra was sentenced to 92

months imprisonment. Doc #: 52. Dongarra challenged his sentence on direct appeal. On

September 23, 2016, the Sixth Circuit granted the Government's motion to dismiss his appeal,

concluding that he had waived his right to appeal. Doc #: 62. The Supreme Court denied

Dongarra's petition for a writ of certiorari on April 27, 2017. Doc #: 65. Dongarra filed the

instant Motion on April 19, 2018.

Dongarra lists three bases for post-conviction relief: (1) his counsel was ineffective for

failing to move to dismiss the Indictment and Superceding Indictment on Speedy Trial grounds;

(2) his Speedy Trial rights were violated; and (3) the Government and the Court did not have jurisdiction over him because of the violation of his Speedy Trial rights.

## II.     Standard

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.*

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the 2555 petition is assigned to promptly examine the petition.  Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

*Id.*  The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Jordon Louis Dongarra is not entitled to relief in the district court for the following reasons.

## III.    Analysis

Dongarra first argues that the Indictment and Superceding Indictment were untimely and violated his Speedy Trial Act rights.  Mot. 6-7.  He argues that his counsel was ineffective for failing to raise these issues.  *Id.*  Ineffective assistance of counsel claims are sufficient bases to

bring a collateral proceeding under § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). A defendant claiming ineffective assistance of counsel must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness *and* (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) (emphases added). "If it is easier [for the Court] to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 670. Dongarra cannot show that his counsel's failure to move to dismiss the Indictment or Superceding Indictment on Speedy Trial grounds prejudiced him.

The Speedy Trial Act requires the Government to file an indictment within 30 days of a defendant's arrest. 18 U.S.C. § 3161(b). Dongarra was arrested on January 23, 2015. The Government did not file an Indictment against him until 33 days later on February 25, 2015. So, Dongarra's counsel could have moved to dismiss the Indictment under 18 U.S.C. § 3161(b). However, the Speedy Trial Act allows the Government to re-file an indictment after dismissal as long as the statute of limitations has not run on the underlying offenses. 18 U.S.C. § 3161(d)(1). The Indictment alleges that Dongarra committed one count of Bank Robbery, in violation of 18 U.S.C. § 2113(a), and one count of Using or Carrying a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Indict. 1-2. It alleges that he committed these offenses on December 30, 2014. *Id.* Both of these offenses have a five-year statute of limitations. 18 U.S.C. § 3282. Thus, if Dongarra's counsel had filed a motion to dismiss the Indictment on Speedy Trial grounds, the Government would have simply re-filed the Indictment. Accordingly, Dongarra cannot show that he was prejudiced for his counsel's failure to move to dismiss the Indictment pursuant to 18 U.S.C. § 3161(b).

Additionally, the Superseding Indictment did not change the original charges so the Government filing it more than 30 days after Dongarra's arrest did not violate the Speedy Trial Act. *See United States v. Berry*, 90 F.3d 148, 151 (6th Cir. 1996) Further, the Superceding Indictment was filed on May 20, 2015, also well within the statute of limitations. Doc #: 23. Thus, Dongarra cannot show that he was prejudiced by his counsel's failure to move to dismiss the Superceding Indictment.

Dongarra's second and third claims for post-conviction relief stem from the same alleged Speedy Trial Act violations. But Dongarra waived his right to raise these issues in his Plea Agreement. Paragraph 19 of his Plea Agreement states that Dongarra waives all of his rights to post-conviction relief except for claims of ineffective assistance of counsel and prosecutorial misconduct. Plea Agreement ¶ 19. Accordingly, Dongarra is not entitled to relief under his second and third claims because they are waived.

## IV.     Conclusion

Because it plainly appears from the face of the motion and the record of prior proceedings that the moving party is not entitled to relief, the Court summarily **DISMISSES** the pending § 2255 Motion.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     April 24, 2018*
**Dan Aaron Polster**
**United States District Judge**