UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff-Respondent, | ) Case No. 1:15-CR-79 |
| v. | ) Judge Dan Aaron Polster |
| JORDON LOUIS DONGARRA, | ) **OPINION & ORDER** |
| Defendant-Petitioner. | ) ) ) |

Before the Court is Defendant Jordon Louis Dongarra's Motion to Vacate under 28 U.S.C. § 2255 ("Motion"), **Doc #: 77**. For the following reasons, Dongarra's Motion is **DENIED**.

**I. Background**

In a Second Superseding Indictment, filed on June 17, 2015, Jordan Louis Dongarra was charged with two separate bank robberies. Doc #: 25. The first occurred on December 18, 2014 for which he was charged with Bank Robbery in violation of 18 U.S.C. § 2113(a) (Count 1) and Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2). *Id*. The second occurred on December 30, 2014 for which he was charged with Bank Robbery in violation of 18 U.S.C. § 2113(a) (Count 3) and Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(C)(i) (Count 4). *Id*. On July 28, 2015, Dongarra and the Government reached a plea agreement in which the Government agreed to dismiss Count 4 and Dongarra

pleaded guilty to Counts 1 and 3 and conditionally pleaded guilty to Count 2, pending the results of a polygraph test. Doc #: 46; Doc #: 60 at 13, 21. The Government agreed to dismiss Count 2 if the results of the polygraph showed no deception and that Defendant carried a toy gun in the commission of the first bank robbery. *Id.* On November 6, 2015, the Court granted the Government's motion to dismiss Count 2 due to favorable polygraph results and Count 4 pursuant to the plea agreement. Doc #: 53. The Court then sentenced Dongarra to 92 months imprisonment for each Bank Robbery conviction to be served concurrently (Counts 1 and 3). *Id*. On September 23, 2016, the Sixth Circuit granted the Government's motion to dismiss Dongarra's direct appeal because he waived his appeal rights in his plea agreement. Doc #: 62.

On April 19, 2018, Dongarra filed a § 2255 motion alleging a violation of his Speedy Trial Act rights, ineffective assistance of counsel related to those rights, and that the Court lost jurisdiction once the violation of the Speedy Trial Act right occurred. Doc # 66 at 5-7. This motion was summarily dismissed on April 24, 2018. Doc #: 67.

On January 14, 2020, Dongarra filed the instant Motion. Doc #: 77. Specifically, Dongarra asserts:

> Movant was alleged to have been involved in a robbery that was alleged to have interfered with interstate commerce. It was further alleged that Movant brandished a firearm in furtherance of the aforementioned offence. Movant pleaded guilty to the § 924(c) offence, but the robbery count was dismissed (as was the felon in possession of a firearm count).

Doc #: 77 at 7. Based on these allegations, Dongarra raises the following issues:

> I. Whether Movant's conviction under Title 28 U.S.C. § 924(c) is invalid in light of United States v. Davis.
>
> II. Whether trial counsel provided constitutionally ineffective assistance when he failed to argue that § 924(c)(3)(B) is unconstitutionally vague.

*Id.* at 3. Dongarra concludes,

> A vague law is no law at all. And because Movant is in prison based on a law that has been struck down, he is in prison under no law at all. Thus his conviction should be vacated and the cause dismissed.

*Id.* at 10.

Dongarra's § 2255 Motion is based on *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the U.S. Supreme Court held that the definition of "crime of violence" contained in § 924(c)(3)(B) is unconstitutionally vague because it does not provide fair warning to criminal defendants that mandatory sentences may apply to their conduct. *Id.* at 2336. It is Dongarra's position that his § 924(c) conviction(s) should be vacated.[1] Doc #: 77 at 10.

**II. Legal Standard**

Under 28 U.S.C. § 2255, a district court may grant relief to a prisoner in custody under a sentence imposed by a federal district court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in his conviction and / or sentencing "'which necessarily results in a complete miscarriage of justice or an egregious error violative of due process.'" *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

---

[1]Dongarra's argument appears to challenge only one of his firearm offenses, but had he been convicted of either § 924(c) charge, it would apply to both.

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id.* Having reviewed the records and transcripts relating to the judgment under attack, the Court finds that Petitioner's arguments are without merit. Since it plainly appears from the petition and the prior proceedings in this case that Petitioner is not entitled to relief under 28 U.S.C. § 2255, the petition is summarily dismissed under Rule 4(b).

### III. Discussion

It plainly appears from the face of the motion, exhibits, and prior proceedings in the case that Dongarra is not entitled to relief because he has mischaracterized the record. Dongarra's Motion is based on *Davis*, which invalidated § 924(c)(3)(B). Doc #: 77 at 3. However, Dongarra was not convicted of, nor sentenced under, any § 924(c) offense. Doc #: 53 at 1. His 92-month prison sentence is based solely on his two Bank Robbery charges. *Id.* Therefore, Dongarra's argument lacks merit and his prison sentence remains undisturbed.[2]

---

[2] Ordinarily, defendants are not permitted to file a second or successive § 2255 motion. An exception exists when the second or successive motion is based on a retroactively applicable newly established constitutional right announced by the Supreme Court. 28 U.S.C. § 2255(h)(2). Neither the Sixth Circuit nor the Supreme Court have determined whether *Davis* applies retroactively. Other circuits, however, have determined that *Davis* applies retroactively. *See e.g., In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019). This Court follows the precedent of our sister circuits in findings that *Davis* applies retroactively. Therefore, the merits of the instant Motion may be reviewed.

Dongarra's ineffective assistance of counsel argument also lacks merit because it is based on his *Davis* claims. Doc #: 77 at 3.

**IV. Conclusion**

For the reasons discussed above, Dongarra's Motion to Vacate under 28 U.S.C. § 2255, **Doc #: 77**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster  January 28, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**